UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

           Plaintiff,

v.

Georgia Ruth Berry,

           Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 06-123 ADM/RLE

_____

Joseph T. Dixon, III, Esq., Assistant United States Attorney, Minneapolis, MN, for and on behalf of Plaintiff.

George E. Rapaich, Esq., Rapaich Law Office, St. Paul, MN, for and on behalf of Defendant.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to the Objections of Defendant Georgia Ruth Berry ("Defendant") [Docket No. 48] to the Report and Recommendation ("R&R") of Magistrate Judge Raymond L. Erickson [Docket No. 43]. The R&R denies Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket No. 28] and Defendant's Motions to Suppress Evidence Obtained as Result of Search and Seizure [Docket Nos. 27, 35]. The factual background in this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections. For the reasons set forth below, the Objections are overruled, and the R&R is adopted.

## II. DISCUSSION

In appeals of nondispositive pretrial matters, the district court must make an independent, de novo determination of those portions of the R&R to which a party objects, and "shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." D. Minn. LR 72.2(a).

Defendant objects to the recommendation of the R&R that Defendant's Motion to Suppress Evidence be denied, arguing that Judge Erickson erred in invoking the good faith exception to the probable cause determination. United States v. Leon established that the exclusionary rule does not apply to evidence that is discovered through the execution of a subsequently invalidated warrant, so long as the officer's reliance on the warrant was objectively reasonable. 468 U.S. 897, 922 (1984). An officers' reliance on a warrant is unreasonable in the following circumstances:

> (1) the affiant included information in the affidavit that he "knew was false or would have known was false except for his reckless disregard of the truth" and that information misled the issuing judicial officer; (2) the issuing judge abandoned his neutral judicial role; (3) the warrant was based on an affidavit with so few indicia of probable cause that an official belief in its validity would be unreasonable; and (4) the warrant itself was so "facially deficient . . . that the executing officers" could not reasonably rely on its validity.

United States v. Simpkins, 914 F.2d 1054, 1056 (8th Cir. 1990), citing Leon, 468 U.S. at 923. Judge Erickson found there was no suggestion of a reckless disregard to the truth by the affiant, or that the issuing judge abandoned his neutral judicial role. R&R at 24. The R&R includes a discussion which accurately analyzes whether a minimal nexus existed between the East Vasa residence and Defendant, noting that the affiant had received information from another police officer that the Defendant had purchased a residence on East Vasa. Id. at 26. This information

was corroborated by another officer who observed a car he had seen Defendant drive parked outside the East Vasa residence.  Id.  On that basis, it was objectively reasonable for the officer to rely on the warrant, which determined that evidence of narcotics-related activity would be found at the East Vasa residence.  Id. at 26-27.  Moreover, the officers had monitored a number of controlled purchases of crack cocaine from the Defendant.  Id. at 11-12.  The affidavit recited the likelihood that the Defendant was using one residence for dealing drugs and another for storage of supply and records of dealing, a common occurrence in illicit drug trade.  Consequently, the R&R correctly concluded that the good faith exception was appropriate in this circumstance.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation ("R&R") of Magistrate Judge Raymond L. Erickson [Docket No. 43] is **ADOPTED**;

2. Defendant's Objections [Docket No. 48] are **OVERRULED**;

3. Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket No. 28] is **DENIED**; and

4. Defendant's Motion to Suppress Evidence Obtained as Result of Search and Seizure [Docket Nos. 27, 35] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 24, 2006.